UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN O'DONNELL and MICHELLE O'DONNELL,

                              Plaintiffs,                      **ANSWER**

      -against-                                                  11 Civ. 3297 (KMK)

POLICE OFFICER ROBERT CARD,

                              Defendant.
------------------------------------------------------------------X

       Defendant, POLICE OFFICER ROBERT CARD, by his attorneys, TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, answering the complaint of the plaintiffs alleges as follows:

### AS TO THE PARTIES

       FIRST: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "1" and "2".

       SECOND: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "3" except admits that defendant Robert Card was a police officer employed by the City of Port Jervis..

### AS TO THE JURISDICTION

       THIRD: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "4" and respectfully refers all questions of law to the trial court.

       FOURTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "5".

## AS TO THE FACTUAL ALLEGATIONS

FIFTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "6", "7", "8", "9", "10", "13", "14", "15" (1st), "17", "18", "48", "49", "50", "52" and "55".

SIXTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "11" except admits that defendant Card was dispatched and did respond to an accident involving plaintiff Kevin O'Donnell near the intersection of Pike Street and King Street in the City of Port Jervis on September 6, 2009.

SEVENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "12" except admits that upon arriving at the scene of the accident, defendant Card did exit his police vehicle and investigate the accident.

EIGHTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the second paragraph of the complaint numbered "15" except admits defendant Card did ask plaintiff Kevin O'Donnell to explain how the accident occurred.

NINTH: Denies each and every allegation contained in the paragraphs of the complaint numbered "16", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "47", "51", "53", "54", "56", "57", "58", "59" and "60".

TENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "46" except admits plaintiff Kevin O'Donnell was charged with disorderly conduct, resisting arrest and assault.

## AS TO THE CAUSES OF ACTION

ELEVENTH: Defendant repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "60," inclusive, with the same force and effect as though more fully set forth at length herein.

TWELFTH: Denies each and every allegation contained in the paragraphs of the complaint numbered "62", "63", "64", "65" and "66".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTEENTH: The injuries and/or damages alleged to have been sustained by plaintiffs were caused in whole or partly by the culpable conduct of the plaintiffs, KEVIN O'DONNELL and MICHELLE O'DONNELL.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FOURTEENTH: Plaintiffs failed to mitigate their damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FIFTEENTH: That if plaintiffs, KEVIN O'DONNELL and MICHELLE O'DONNELL, sustained any injuries and/or damages at the time and place and in the manner alleged in the complaint, the plaintiffs assumed the risks inherent in the activity in which the plaintiffs were then engaged.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTEENTH: Defendant's actions were objectively reasonable and, as a result, defendant is immune from suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SEVENTEENTH: Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545(c) of the New York Civil Practice Law and Rules.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

EIGHTEENTH: Plaintiffs' complaint, to the extent it seeks exemplary or punitive damages, violates defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

NINTETEENTH: Plaintiffs' complaint, to the extent that it seeks punitive or exemplary damages, violates defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New York, violates defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

TWENTIETH: The defendant at all times acted reasonably, in good faith, for justified, legitimate reasons and without malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: The defendant acted within the legal definition of probable cause.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: The defendant is entitled to qualified immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: The plaintiffs brought this action in bad faith and without a reasonable basis in law and fact to support their claim.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Any force exerted by the defendant was reasonable and justified.

WHEREFORE, defendant, POLICE OFFICER ROBERT CARD, demands judgment:

1. dismissing the complaint; and
2. apportioning liability between plaintiffs and this answering party; and
3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: Newburgh, New York
June 27, 2011

                        Yours, etc.,

                        TARSHIS, CATANIA, LIBERTH,
                          MAHON & MILLIGRAM, PLLC

By:    *[signature]*

                        HOBART J. SIMPSON (HJS 0111)
                        Attorneys for Defendant,
                        Police Officer Robert Card
                        One Corwin Court
                        P.O. Box 1479
                        Newburgh, New York 12550
                        Tel. No. (845) 565-1100

TO:    SUSSMAN & WATKINS
        Attorneys for Plaintiffs
        P.O. Box 1005
        Goshen, NY 10924
        845-294-3991